BOARD OF SUPERVISORS OF OKTIBBEHA COUNTY *v.* A. P. COTTRELL.

REWARD.  *Arrest.  Fleeing.  Code* 1880, § 3035.

> Where one who has killed another is arrested in open day, on a highway, while going into the town of his residence, being near the business part of it, he declaring at the time that he is on the way to surrender, the arrest is not made while he is "fleeing, or attempting to flee," within the meaning of § 3035, code 1880, and no reward can be allowed therefor.

FROM the circuit court of Oktibbeha county.

HON. LOCK E. HOUSTON, Judge.

One Humphries killed O'Hare in Oktibbeha county, about four miles from West Point, in Clay county. About three hours after the killing, Cottrell, a private citizen, arrested Humphries within the corporate limits of West Point, but not in the business part of the town. Cottrell and Humphries both resided in West Point. Humphries was a railroad section-foreman. He went from the scene of the killing to West Point on a hand-car, which he left near the depot in charge of some hands. Appellee, hearing of the homicide,

went to arrest Humphries.  The laborers in charge of the hand-car refused to tell him where Humphries was, when appellee started to go to a place west of town, where he expected to find him.  Having proceeded about one or two hundred yards, he met Humphries and arrested him.  Humphries submitted without resistance, and gave up his pistol· He stated at the time that he thought he would go out home and change his clothing, and then come back and give himself up.  He had the reputation of being a desperate and dangerous man.  The marshal of West Point had also heard of the homicide, and was looking for Humphries to arrest him when Cottrell made the arrest.  Between the scene of the killing and West Point there is a wide swamp, which at that time was covered with water, and could only be crossed by following the railroad.

Cottrell presented his claim to the circuit court for the statutory reward of $100.  Over the disapproval of the district attorney, the court allowed the claim, which was certified to the board of supervisors for payment.  The board rejected the claim, when an appeal was taken to the circuit court, and a judgment was there rendered against the county, from which this appeal is taken.

*W. B. Walker*, for appellant.

Humphries was not "fleeing, or attempting to flee," at the time of the arrest.  He was on one of the public streets in West Point, going to the officers to surrender.  Under these circumstances, the statutory reward was not recoverable.

*Beall, Carroll & Pope*, for appellee.

If the record does not show a case within the provisions of § 3035, code 1880, we scarcely know what facts would entitle one making an arrest to the reward.  The slayer had fled to another county, where he was arrested.  He was known to be a desperate man.  This fact, together with the small statutory reward, constituted the inducement to make the arrest.

The object of the statute manifestly is to encourage private persons to be active in making arrests in such cases. It had such effect in this case. Appellee took all the risk attending the arrest of a most desperate man, and he is entitled to the reward.

COOPER, J., delivered the opinion of the court.

The evidence does not support the finding of the court below that Humphries was "fleeing or attempting to flee" at the time of his arrest. On the contrary, it very clearly appears that he was not, but was, in open day, upon a most public highway, going to the town in which he lived, and, if he had not been arrested where he was, would, within a few minutes, have reached the business part of the town; and that, when arrested, he stated that he was on his way to surrender to the proper authorities. Under these circumstances, no allowance can be made to the arresting person.

*The judgment is reversed, and the petition of appellee dismissed.*