THOMAS G. JAMES ET AL. v. TALLAHATCHIE DRAINAGE COMMISSION ET AL.

[52 South. 453.]

1. INJUNCTIONS. *Dissolution. Appeal. Change of law. Supreme court practice.*

The supreme court will reverse a decree dissolving an injunction if the law of the case be so amended after its rendition as to require a perpetuation of the injunction, although the decree was not erroneous when rendered.

2. SAME. *Drainage. Tallahatchie commission. Issuance of bonds. Laws 1910, ch. 182.*

Where pending a suspensive appeal from a decree dissolving an injunction restraining the issuance of drainage commission bonds, the statute under which the commission was seeking to issue the bonds was amended and the issuance of such bonds prohibited except upon new conditions, a compliance with the new conditions is necessary to the valid issuance of the bonds, and the supreme court will reverse the decree dissolving the injunction, whether at its date it were or were not erroneous.

FROM the chancery court of Tunica county.

HON. MANUEL E. DENTON, Chancellor.

James and others, appellants, were complainants in the court below; the drainage commission and others, its members and officers, appellees, were defendants there. The object of the

suit was to enjoin the drainage commission from issuing bonds. From a decree dissolving a preliminary injunction and sustaining a demurrer to the bill of complaint the complainants appealed to the supreme court.   The case is sufficiently stated in the opinion of the court.

*Julian C. Wilson; F. A. Montgomery,* and *Percy, Moody & Percy,* for appellants.

*Dinkins & Caldwell* and *J. W. Cutrer,* for appellees.

[The briefs of counsel in this case were all prepared and filed and the case submitted to the court before the passage of the act of the legislature which was decisive of the case, hence no synopses of the briefs are given.]

Argued orally by *Julian C. Wilson,* for appellant, and by *J. W. Cutrer,* for appellee.

SMITH, J., delivered the opinion of the court.

Since the decree of the court below was rendered the statute under which the Tallahatchie drainage commission was proceeding to issue the bonds in question has been amended, Laws 1910, ch. 182, p. 169, so as to prescribe the conditions upon which bonds may be issued.   This act, among other things, provides: "And no such bonds heretofore issued, or attempted to be issued, but not yet delivered, and no such bonds hereafter attempted to be issued and sold, shall be valid or binding on the said drainage commission until the same be endorsed by the treasurer thereof, in writing, that he has duly registered said bonds to the owner thereof, as hereinafter provided.   Before any such bonds shall be entitled to registry and indorsement by the treasurer, and before they shall become valid and binding as the obligations of the said drainage commission, or on any property in said drain-

age district, the proposal to issue of such bonds shall first be submitted to a vote of the qualified electors, actually residing within the limits of said drainage district who own land subject to the tax imposed by the act of which this is an amendment, and such bonds shall not be sold, or be the valid obligation of said commission, except upon the consent of a majority of such qualified electors voting at an election called for that purpose, as hereinafter provided." Before any bonds can be issued by the commission, this provision of the statute must be complied with. It therefore becomes unnecessary for us to consider the other matters set up in the bill of complaint, and as to which we express no opinion.

The decree of the court below is reversed, the injunction reinstated, and the cause remanded.

*Reversed.*