BOARD OF SUPERVISORS OF SUNFLOWER COUNTY *v.* WRIGHT.

[72 South. 226.]

REWARDS. *Arrests of murderer. Rights. Fleeing from justice.*

Under Code 1906, section 1549, and Laws 1910, chapter 187, providing for a reward for those arresting a fleeing homicide a party is not entitled to such reward where he arrested an alleged murderer, who after fleeing the state, had returned for the purpose of consulting an attorney and standing trial and at the time of his arrest was not concealing himself from the public, or from the officers of the law, nor attempting to avoid arrest.

APPEAL from the circuit court of Sunflower county.
HON. F. E. EVERETT, Judge.

Proceeding by Will Wright for the allowance of the statutory reward for arresting fleeing homicides. From a judgment of the circuit court allowing the reward, the Board of Supervisors appeals.

The facts are fully stated in the opinion of the court.

*Geo. H. Ethridge*, Assistant Attorney-General, for appellant.

*R. L. C. Barret*, for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Sunflower county allowing a statutory reward to the appellee, Will Wright, for the arrest of Andy Hill, who had killed Bob Moore in Sunflower county in 1913, and who, after the killing, fled to the state of Arkansas, where he remained for several months, and afterwards, having retained an attorney to defend him, returned to Indianola, Miss., in the county where the killing occurred, and while waiting in said town for a conference with his attorney he was arrested by the appellee, Will Wright, and turned over to the sheriff of the county. The claim for the statutory reward was disallowed by the board of supervisors, and upon appeal from the order of the board the circuit court allowed the reward of one hundred dollars to the appellee, Will Wright, from which judgment this appeal is taken here.

The facts in this case, as disclosed by the whole record, show that, when Andy Hill killed Bob Moore, he fled to Arkansas, and there remained for several months. His wife, in Sunflower county, secured the services of an attorney, Mr. Neill, at Indianola to defend him, and when she notified him by mail that she had employed an attorney for him, and to return to Sunflower county, he re-

turned to Indianola for the purpose of consulting with his attorney and standing trial for the killing. He called at the office of the attorney, who was temporarily absent from town, and then went to his residence and inquired of the attorney's wife as to when her husband would return to town. She assured him that the lawyer would be back in a short time, and he agreed to wait there in Indianola until his return. Andy Hill went about the public streets of Indianola in the daytime, and passed within the shadow of the courthouse and the jail several times. We quote here a paragraph from the agreed statement of facts in this case:

"That he, Andy Hill, was not trying to dodge any officers, or hiding or concealing himself, but that he walked the public streets in the daytime as any other person, went to Mr. Neill's office several times, and to his residence, going up the streets in the broad daylight to his office each time, and to his residence."

It further appears that, after Andy Hill had loafed about town for quite a while, he was seated in a room in a residence in the suburbs of the town where a card party was going on, and amongst the people present was the appellee, Will Wright. It seems that, while all the parties were there watching the game of cards, a Mr. Copeland came upon the scene, when appellee, Will Wright, claims that he then and there arrested the said Andy Hill at the point of a revolver and delivered him to the sheriff of the county.

With this undisputed state of facts before us, we think the learned judge in the court below erred in allowing the reward to the appellee. Before this reward can be allowed, under section 1459, Code of 1906, and chapter 187, Laws of 1910, the proof must show that the party arrested "is fleeing or attempting to flee at the time of the arrest." It is clear to us from this record that, while Andy Hill had fled to Arkansas, yet he had returned to the county where the killing took place for the purpose of standing trial; and even though he had not actually

surrendered himself to the proper authorities, still he was not dodging or concealing himself from the public or from the officers of the law, nor trying to avoid arrest or apprehension, but was in fact going about openly within a stone's throw of the courthouse and jail. Therefore it cannot be said that he was "fleeing or attempting to flee" at the time of his arrest by appellee. *Board of Supervisors* v. *A. P. Cottrell,* 70 Miss. 117, 12 So. 156.

Moreover, the testimony in this case shows that at the time Andy Hill was arrested he was not concealing himself, nor attempting to flee or evade arrest, but was sitting in a room with other persons, one of whom was the appellee here, who testified that he knew Andy Hill, and that he had played cards with him while he was a fugitive from justice in Arkansas a short time previous, and that he had seen Andy there in Indianola during the day just before the night of the arrest alleged to have been made by him. In view of all the facts and circumstances in this case, the appellee is not entitled to the reward claimed under the statute. *Monroe County* v. *Bell,* 18 So. 121; *Wilkinson County* v. *Jones,* 52 So. 453.

The judgment of the lower court is reversed, and a judgment here for the appellant dismissing the claim.

*Reversed.*